HARRIS, Judge,
concurring specially.
I agree that the record does not support the departure sentence in this case.
The trial judge’s stated reason:
Timing of the commission of the offense in 88-8107 of sale of cocaine, in that said offense was committed within eight months after the defendant had been previously placed on probation in 87-5555.
is insufficient as a matter of law.
While our supreme court has held that departure may be based on the timing of the offense, it has consistently held that it must be the “timing of each offense in relation to prior offenses and the release from incarceration or other supervision.” [Emphasis added]. State v. Simpson, 554 So.2d 506, 509 (Fla.1989).
If you relate the new offense to the time the defendant was placed on probation, you do nothing more than depart because the new offense was committed while on probation. Since “status” has already been scored, it would be improper to also depart on this basis.
As pointed out in the dissent, the court also relied on “continuing, persistent and escalating” pattern of criminal activity as a reason for departure. However, as the dissent concedes, the record does not support an escalating pattern. And the court did not indicate an intention to depart merely on a continuing and persistent pattern.
I agree the sentence must be reversed.